IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA HANCOCK and ARELI RAMOS, INDIVIDUALLY and as next friends, for K.H., S.H., and H.H., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. 2:17-cv-00327 |
| CITY OF CORPUS CHRISTI, CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, and OFFICER ANDREW CARRIZALES, | § § § § § | |
| Defendants. | § § | |

**ORIGINAL ANSWER OF DEFENDANT ANDREW CARRIZALES**

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Andrew Carrizales files his Original Answer, and would respectfully show the Court the following:

**I.**
**ORIGINAL ANSWER**

**A.    AFFIRMATIVE DEFENSES**

In asserting the following defenses, Defendant Carrizales does not admit that the burden of proving the allegations or denials contained in the defenses is upon him, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiffs. Moreover, by asserting any defense Defendant Carrizales does not admit any liability, but, to the contrary, specifically denies any and all allegations of liability in the Plaintiffs' lawsuit. Without admitting liability as to any of the Plaintiffs' causes of action, Defendant Carrizales asserts the

following defenses:

1.    Defendant Carrizales asserts that he is entitled to qualified immunity from liability on the Plaintiffs' claims that are based upon alleged violations of their constitutional or statutory rights.  Defendant Carrizales did not take any actions that he knew or should have known violated the Plaintiffs' clearly-established constitutional or statutory rights.  Defendant Carrizales therefore is entitled to qualified immunity, and he is immune from both liability and discovery in this action. *See Nieto v. San Perlita Ind. Sch. Dist.*, 894 F.2d 174 (5th Cir. 1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–71 (1989).

2.    Defendant Carrizales appears to have been sued in both his individual and official capacities.  A suit against a government employee in his official capacity is not a suit against the individual but a suit against the official's government employer.  *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985).  Accordingly, Defendant Carrizales is entitled to any immunity and defenses available to the Corpus Christi Independent School District.  *See Hafer v. Melo*, 112 S.Ct. 358, 362 (1991).

3.    Plaintiffs have failed to mitigate their damages, if any.

4.    Defendant Carrizales affirmatively asserts that his use of force, if any, was reasonable and does not rise to the degree of force necessary to support a claim under 42 U.S.C. § 1983. *See Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992).

5.    Defendant Carrizales affirmatively asserts that punitive damages are not recoverable in claims against him in his official capacity as a CCISD police officer.

6.    Defendant Carrizales reserves the right to assert additional defenses or affirmative defenses as they become apparent through discovery.

B.    RESPONSES TO SPECIFIC ALLEGATIONS

Defendant Carrizales responds to the Plaintiffs' Original Complaint in a manner that corresponds to each of Plaintiffs' paragraphs as follows:

RESPONSE TO "I. INTRODUCTION AND BRIEF REVIEW OF CASE"

1.    Defendant Carrizales does not have personal knowledge of the history of the school resource officer ("SRO") program in the United States, or how it is implemented in specific school districts other than the Corpus Christi Independent School District. He therefore denies the factual allegations made in this paragraph, and further denies that they are relevant to this lawsuit.

2.    Defendant Carrizales does not have personal knowledge of how an SRO's role is defined "at many schools," and therefore denies these factual allegations made in this paragraph. Defendant Carrizales admits that the Corpus Christi ISD police department was founded in 1993, and that its general mission is to "protect the students, staff and visitors to CCISD campuses and properties." Defendant Carrizales denies all further factual allegations made in this paragraph.

3.    Defendant Carrizales denies all factual allegations made in this paragraph.

4.    Defendant Carrizales admits that all three students in this case (K.H., H.H., and S.H.) had been issued a Criminal Trespass Warning ("CTW") prior to the date at issue, and were required to be off the Cunningham Middle School campus by 4:10 p.m. Defendant Carrizales admits that all three students had violated the CTW more than once prior to the date at issue, and had been warned about future violations. Defendant Carrizales admits that on December 5, 2016, he personally witnessed all three students on Cunningham Middle School property after 4:10 p.m., in violation of the CTW. Defendant Carrizales admits that when he initially approached H.H., she stated that she was getting a drink of water, but further admits that there is

no "getting a drink of water" exception to the CTW. Defendant Carrizales admits that he took H.H. to his office, and that she was placed in handcuffs for violation of the CTW. Defendant Carrizales denies all further factual allegations made in this paragraph.

5.    Defendant Carrizales admits that he and Officer Shelly then went looking for K.H. and S.H.. Defendant Carrizales admits that when he then approached K.H. and S.H., they were on the city sidewalk, but further admits that he had already witnessed the two students on Cunningham Middle School property after 4:10 p.m., in violation of the CTW. Defendant Carrizales admits that he approached them, told them they were being arrested for criminal trespass, and escorted them back to his office. Defendant Carrizales admits that when K.H. saw her sister handcuffed in Defendant Carrizales' office, she grew upset. Defendant Carrizales denies all further factual allegations made in this paragraph.

6.    Defendant Carrizales admits that K.H. grew visibly upset when she saw H.H. handcuffed, and immediately turned around, saying "Oh hell no, I'm not staying in here." Defendant Carrizales admits that K.H. tried to physically force her way past Defendant Carrizales and out of the office. Defendant Carrizales admits that he initially grabbed K.H. by the right arm to stop her from leaving the office, and a struggle ensued. Defendant Carrizales admits that because K.H. was still actively resisting and he was unable to get a hold of her arms to handcuff her, he decided he needed to take her to the ground so that he could get better control of her person. Defendant Carrizales admits that as K.H. was being taken to the ground, she hit her head on the edge of the desk, causing a small bump to the back of her head. Defendant Carrizales admits that he asked K.H. if she needed medical attention or an ice pack, and she said that she did not, because her head was harder than the desk (or words to that effect). Defendant Carrizales denies all further factual allegations made in this paragraph.

7.      Defendant Carrizales admits that all three students were arrested for criminal trespass, and K.H. was arrested for resisting arrest, and that they were taken to the Juvenile Justice Center.  Defendant Carrizales admits that Principal Brinkman was present for at least some of the encounter.  Defendant Carrizales denies all further factual allegations made in this paragraph.

8.      Defendant Carrizales admits that the plaintiffs have filed this lawsuit and asserted the claims that are asserted in this lawsuit.  Defendant Carrizales denies that he violated any rights of the Plaintiffs in any manner.  Defendant Carrizales denies all further factual allegations made in this paragraph.

9.      Defendant Carrizales denies that the Plaintiffs are entitled to any of the damages or relief set out in this paragraph.  Defendant Carrizales denies all further factual allegations made in this paragraph.

RESPONSE TO "II. JURISDICTION"

10.      Defendant Carrizales admits that jurisdiction is proper in this court, but denies that he has violated any of the statutory and/or constitutional provisions cited in this paragraph.

11.      Defendant Carrizales admits that jurisdiction is proper in this court, but denies that he has violated any of the statutory and/or constitutional provisions cited in this paragraph.

RESPONSE TO "III. VENUE"

4.      Defendant Carrizales admits that venue is proper in this court, but denies that he has violated any of the statutory and/or constitutional provisions cited in this paragraph.

RESPONSE TO "IV. PARTIES"

13.    Defendant Carrizales is unable to admit or deny any allegations with regards to the Plaintiffs, and therefore denies said allegations.

14.    Defendant Carrizales is unable to admit or deny any allegations with regards to the Plaintiffs, and therefore denies said allegations.

15.    Defendant Carrizales is unable to admit or deny any allegations with regards to the Plaintiffs, and therefore denies said allegations.

16.    Defendant Carrizales is unable to admit or deny any allegations with regards to the Plaintiffs, and therefore denies said allegations.

17.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.  Defendant Carrizales specifically denies that the District is organized "under the laws of … the City of Corpus Christi…."

18.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.

RESPONSE TO "V. STATEMENT OF FACTS"

19.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

20.    Defendant Carrizales has no personal knowledge regarding the personal characteristics of the Plaintiffs, and therefore is unable to admit or deny any such allegations with regards to the Plaintiffs.

21.    Defendant Carrizales has no personal knowledge regarding the personal characteristics of the Plaintiffs, and therefore is unable to admit or deny any such allegations

with regards to the Plaintiffs.

22.     Defendant Carrizales has no personal knowledge regarding the personal characteristics of the Plaintiffs, and therefore is unable to admit or deny any such allegations with regards to the Plaintiffs.

23.     Defendant Carrizales has no personal knowledge regarding the personal characteristics of the Plaintiffs, and therefore is unable to admit or deny any such allegations with regards to the Plaintiffs.

24.     Admit.

25.     Admit.

26.     Defendant Carrizales has no personal knowledge of what Barbara Brinkman may or may not have subjectively been aware of, and therefore denies all allegations made in this paragraph.

27.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

28.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph. Defendant Carrizales specifically denies that he did not intervene in a fight on school property.

29.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

30.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

31.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

32.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

37.     Denied.

38.     Denied.

39.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

40.     Although Defendant Carrizales admits that all three minor Plaintiffs were issued criminal trespass warnings, he believes that it was in November.  Defendant Carrizales denies all further factual allegations made in this paragraph.

41.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

42.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

43.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

44.     Denied.

45.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Defendant Carrizales admits Mr. Ramos was issued a trespass warning. Defendant Carrizales denies all further factual and legal allegations made in this paragraph.

50.    Defendant Carrizales cannot say exactly when the three students in this case (K.H., H.H., and S.H.) initially left the Cunningham property on December 5, 2016, but he denies that they were "walking home," because Defendant personally witnessed all three students on Cunningham Middle School property after 4:10 p.m., in violation of the CTW. Defendant Carrizales denies all further factual and legal allegations made in this paragraph.

51.    Defendant Carrizales admits that all three students in this case (K.H., H.H., and S.H.) had been issued a Criminal Trespass Warning ("CTW") prior to the date at issue, and were required to be off the Cunningham Middle School campus by 4:10 p.m.  Defendant Carrizales admits that all three students had violated the CTW more than once prior to the date at issue, and had been warned about future violations.  Defendant Carrizales denies all further factual and legal allegations made in this paragraph.

52.    Defendant Carrizales admits that when he initially approached H.H., she stated that she was getting a drink of water, but further admits that there is no "getting a drink of water" exception to the CTW.  Defendant Carrizales denies all further factual and legal allegations made in this paragraph.

53.    Defendant Carrizales admits that he took H.H. to his office, and that she was placed in handcuffs for violation of the CTW.  Defendant Carrizales denies all further factual allegations made in this paragraph.

54      Defendant Carrizales denies that the gap in time between when he took K.H. to his office and when he went to get the other two students was "fifteen to thirty minutes." Defendant Carrizales denies all further factual allegations made in this paragraph.

55.      Defendant Carrizales admits that he and Officer Shelly then went looking for K.H. and S.H..  Defendant Carrizales admits that when he then approached K.H. and S.H., they were on the city sidewalk, but further admits that he had already witnessed the two students on Cunningham Middle School property after 4:10 p.m., in violation of the CTW.  Defendant Carrizales denies all further factual allegations made in this paragraph.

56.      Defendant Carrizales denies any implication that he "entrapped" K.H. and/or S.H. into walking onto school property.  Defendant Carrizales admits that he had already witnessed the two students on Cunningham Middle School property after 4:10 p.m., in violation of the CTW.  Defendant Carrizales denies all further factual allegations made in this paragraph.

57.      Defendant Carrizales admits that he approached K.H. and S.H., told them they were being arrested for criminal trespass, and escorted them back to his office, where they saw that H.H. was handcuffed.  Defendant Carrizales denies all further factual allegations made in this paragraph.

58.      Defendant Carrizales denies all factual and legal allegations made in this paragraph.

59.      Denied.

60.      Defendant Carrizales admits that K.H. grew visibly upset when she saw H.H. handcuffed, and immediately turned around, saying "Oh hell no, I'm not staying in here." Defendant Carrizales admits that K.H. tried to physically force her way past Defendant Carrizales and out of the office.  Defendant Carrizales admits that he initially grabbed K.H. by

the right arm to stop her from leaving the office, and a struggle ensued. Defendant Carrizales admits that because K.H. was still actively resisting and he was unable to get a hold of her arms to handcuff her, he decided he needed to take her to the ground so that he could get better control of her person, and then placed her in handcuffs. Defendant Carrizales denies that he placed S.H. in handcuffs, but admits that Officer Shelly had to step in between S.H. and Defendant Carrizales out of fear that S.H. was moving to interfere or possibly attack Defendant Carrizales, and that after stopping S.H. Officer Shelly placed her in handcuffs. Defendant Carrizales denies all further factual allegations made in this paragraph.

61. Denied.

62. Defendant Carrizales admits that K.H. grew visibly upset when she saw H.H. handcuffed, and immediately turned around, saying "Oh hell no, I'm not staying in here." Defendant Carrizales denies all further factual allegations made in this paragraph.

63. Defendant Carrizales denies that he got angry. Defendant Carrizales admits that K.H. tried to physically force her way past Defendant Carrizales and out of the office. Defendant Carrizales admits that he initially grabbed K.H. by the right arm to stop her from leaving the office, and a struggle ensued. Defendant Carrizales admits that because K.H. was still actively resisting and he was unable to get a hold of her arms to handcuff her, he decided he needed to take her to the ground so that he could get better control of her person, and then placed her in handcuffs. Defendant Carrizales denies all further factual allegations made in this paragraph.

64. Defendant Carrizales admits that as K.H. was being taken to the ground, she hit her head on the edge of the desk. Defendant Carrizales denies all further factual allegations made in this paragraph.

65.     Defendant Carrizales admits that when K.H. hit her head on the edge of the desk, it caused a small bump to the back of her head.  Defendant Carrizales admits that he asked K.H. if she needed medical attention or an ice pack, and she said that she did not, because her head was harder than the desk (or words to that effect).  Defendant Carrizales denies all further factual allegations made in this paragraph.

66.     Denied.

67.     Defendant Carrizales can neither admit nor deny the allegations made in this paragraph.

68.     Denied.   Defendant Carrizales admits that K.H. was repeatedly asked if she needed medical attention or an ice pack, and that she said that she did not.  Defendant Carrizales denies all further factual allegations made in this paragraph.

69.     Defendant Carrizales admits that all three students were arrested for criminal trespass, and K.H. was arrested for resisting arrest, and that they were taken to the Juvenile Justice Center.   Defendant Carrizales denies all further factual allegations made in this paragraph.

70.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

71.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

72.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

73.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

81.     Defendant Carrizales can neither admit nor deny the allegations made in this paragraph.

82.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

83.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

84.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

85.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

86.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

87.     Defendant Carrizales has no personal knowledge of the facts set forth in this paragraph, and therefore denies all allegations made in this paragraph.

RESPONSE TO "VI. STATE ACTION"

88.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

89.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.

RESPONSE TO "VII. UNCONSTITUTIONAL POLICIES, PROCEDURES, PRACTICES & CUSTOMS"

90.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

91.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.

92.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.

RESPONSE TO "VIII. CLAIMS PURSUANT TO THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION"

93.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

94.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.

**RESPONSE TO "IX. VIOLATIONS OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION"**

95.     Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

96.     Defendant Carrizales denies all factual and legal allegations made in this paragraph.

**RESPONSE TO "X. VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION"**

97.     Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

98.     Defendant Carrizales denies all factual and legal allegations made in this paragraph.

**RESPONSE TO "XI. RATIFICATION"**

99.     Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

100.     Defendant Carrizales denies that the City of Corpus Christi has any legal authority over his work at the District.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

101.     Defendant Carrizales denies that the (City of) Corpus Christi Police Department has any legal authority over his work at the District.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

102.     Defendant Carrizales denies all factual and legal allegations made in this

paragraph.

**RESPONSE TO "XII. PROXIMATE CAUSE"**

103.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

104.    Defendant Carrizales denies all factual and legal allegations made in this paragraph.

**RESPONSE TO "XIII.  DAMAGES"**

105.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all factual and legal allegations contained in this paragraph.

106.    Defendant Carrizales denies that the Plaintiffs are entitled to any of the damages or relief set forth in this paragraph, or any of its sub-parts.  Defendant Carrizales denies all further allegations, legal and factual, contained in this paragraph.

107.    Defendant Carrizales denies that the Plaintiffs are entitled to any of the damages or relief set forth in this paragraph.  Defendant Carrizales denies all further allegations, legal and factual, contained in this paragraph.

**RESPONSE TO "XIV.  PUNITIVE DAMAGES"**

108.    Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all further allegations, legal and factual, contained in this paragraph.

109.    Defendant Carrizales denies that the Plaintiff is entitled to any of the damages or relief set forth in this paragraph.  Defendant Carrizales denies all further allegations, legal and

factual, contained in this paragraph.

**RESPONSE TO "XV. ATTORNEY FEES"**

110.     Defendant Carrizales incorporates his admissions and denials to the above and below by reference for all purposes.  Defendant Carrizales denies all further allegations, legal and factual, contained in this paragraph.

111.     Defendant Carrizales denies that the Plaintiff is entitled to any of the damages or relief set forth in this paragraph.  Defendant Carrizales denies all further allegations, legal and factual, contained in this paragraph.

**RESPONSE TO "VI. DEMAND FOR JURY TRIAL"**

112.     Defendant Carrizales admits that the Plaintiff has requested a jury trial.

**RESPONSE TO "VII. PRAYER"**

112.     Defendant Carrizales denies that the Plaintiff is entitled to any of the damages or relief set forth in this paragraph.  Defendant Carrizales denies all further allegations, legal and factual, contained in this paragraph.

**IV.**
**CONCLUSION AND PRAYER**

Defendant Andrew Carrizales prays that all claims brought or asserted against him be dismissed with prejudice in their entirety; that Defendant Carrizales be awarded his attorneys' fees and costs of court; and that Defendant Carrizales be awarded such relief, both at law and in equity, to which he has shown himself entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:   /s/ Christopher B. Gilbert
        Christopher B. Gilbert
        State Bar No. 00787535
        Southern District No. 17283

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone:     (713) 554-6744
Fax:              (713) 583-7698
cgilbert@thompsonhorton.com

**ATTORNEYS FOR DEFENDANT CARRIZALES**

**OF COUNSEL:**

Rebecca S. Bailey
State Bar No. 24062597
**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6762 – Telephone
(713) 583-9364 – Facsimile
rbailey@thompsonhorton.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on November 28, 2017:

Mr. Martin J. Cirkiel, Esq.
SBN 00783829
Federal ID 21488
Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]


Mr. Timothy D. Raub, Esq.
SBN 00789570
Federal ID 22942
Raub Law Finn, P.C.
814 Leopard Street
Corpus Christi, TX 78401
(361) 880-8181 [Telephone]
(361) 887-6521 [Facsimile]
timraub@raublawfinn.com [Email]
***Attorneys for the Plaintiff***


 _/s/ Christopher B. Gilbert_____
Christopher B. Gilbert